**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GRADY C. HART, JR., et al.,** ) | **CASE NO. 1:06 CV 780** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **RIDGE TOOL COMPANY,** ) | **Magistrate Judge** |
| ) | **William H. Baughman, Jr.** |
| ) | |
| **Defendant.** ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Docket #36.) On July 19, 2006, this case was referred to Magistrate Judge Baughman for pretrial supervision. On March 13, 2007, Defendant filed its Motion for Judgment on the Pleadings (Docket #26). On April 11, 2007, Plaintiffs filed an answer to Defendant's Motion for Judgment on the Pleadings and Motion for Summary Judgment. April 26, 2007, Defendant's Motion for Judgment on the Pleadings (Docket #26), was referred the Magistrate Judge for report and recommendation.[1]

---

[1] On April 23, 2007, Defendant filed a Reply in Support of its Motion for Judgment on the Pleadings (Docket #31). On May 14, 2007, Plaintiffs filed a Reply Brief (Docket #34).

As set forth by the Magistrate Judge, this case arises out of and relates to Defendant's termination of Mr. Hart's employment. Plaintiffs are proceeding *pro se*. Based on discussions with the Court, Plaintiffs's claims were clarified as arising under the Age Discrimination in Employment Act ("ADEA"); the Americans With Disabilities Act ("ADA"); and state law for discrimination, intentional infliction of emotional distress, and retaliation for filing a workers' compensation claim.

Subsequent to the clarification of Plaintiffs' claims, questions arose as to Mr. Hart's ability to sit for a deposition due to health considerations. Defendant asked for a modification of the case management plan in light of this issue and the Magistrate Judge entered an order staying discovery pending clarification of when and under what circumstances Mr. Hart could be available for deposition. In an effort to resolve this matter, the Court sent a letter directly to Mr. Hart's treating psychologist regarding Mr. Hart's status. That letter was answered subsequent to the Magistrate Judge's Report and Recommendation. The stay of discovery remains in effect.

On June 1, 2007, Magistrate Judge Baughman recommended that Defendant's Motion for Judgment on the Pleadings be granted in part and denied in part. Specifically, the Magistrate Judge recommended as follows:

> That the Plaintiffs' pleadings be deemed amended to clarify that the only claims for relief asserted are those under the ADEA and the ADA;
>
> That Defendant's Motion for Judgment on the Pleadings be denied as to the grounds that Plaintiff Grady Hart, Jr. has failed to exhaust administrative remedies and that the Court lacks subject matter jurisdiction over his claims;
>
> That Defendant's Motion for Judgment on the Pleadings be granted as to the ground that the averments of the EEOC Complaint limit the Court's jurisdiction to claims that Defendant terminated Mr. Hart because of his age and disability and in retaliation for

complaints about age discrimination and that Mr. Hart's claims be deemed so limited;

That Defendant's Motion for Judgment on the Pleadings be granted as to Mrs. Hart's derivative claims under the ADEA and ADA and that she be dismissed as a plaintiff from the case;

That Defendant's Motion for Judgment on the Pleadings be denied to the extent that it seeks an order preventing Mrs. Hart from assisting her husband in the case;

That the District Judge assign counsel to represent Mr. Hart under Local Rule 83.1 and the Court's Pro Bono Civil Case Protocol; and

That Defendants' Motion for Summary Judgment be denied without prejudice to its refiling after the close of discovery.[2]

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's

---

[2] The Conclusion and Recommendation appears to state, in error, that Plaintiffs' Motion for Summary Judgment be "denied with prejudice" as it is clear from the discussion and analysis set forth by the Magistrate Judge that it was intended to read "without prejudice" so that Plaintiffs may refile for summary judgment after the close of discovery.

-3-

review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo.  See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

**Conclusion**

The Court has reviewed the Report and Recommendation of the Magistrate Judge.  The Court hereby ADOPTS, IN PART, the Report and Recommendation (Docket #36), finding as follows:

> Plaintiffs' pleadings are deemed amended to clarify that the only claims for relief asserted are those under the ADEA and the ADA;
>
> Defendant's Motion for Judgment on the Pleadings is denied as to the ground that Plaintiff, Grady Hart, Jr., has failed to exhaust administrative remedies and that the Court lacks subject matter jurisdiction over his claims;
>
> Defendant's Motion for Judgment on the Pleadings is granted as to the ground that the averments of the EEOC Complaint limit the Court's jurisdiction to claims that Defendant terminated Mr. Hart because of his age and disability and in retaliation for complaints about age discrimination and that Mr. Hart's claims are deemed so limited;
>
> Defendant's Motion for Judgment on the Pleadings is granted as to Mrs. Hart's derivative claims under the ADEA and ADA and she is dismissed as a plaintiff from the case;

Defendant's Motion for Judgment on the Pleadings is denied to the extent that it seeks an order preventing Mrs. Hart from assisting her husband in the case. However, this Court urges Plaintiff to obtain Counsel to represent him in this matter; and,

Defendants' Motion for Summary Judgment is denied without prejudice to its refiling after the close of discovery.

The Court declines to adopt the Magistrate Judge's recommendation that Counsel be assigned to represent Mr. Hart under Local Rule 83.10. Local Rule 83.10 provides that counsel may be assigned to represent a litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol, as discussed further in Exhibit J to the Local Rules. Exhibit J requires that a determination that the pro se litigant cannot afford legal counsel. While the Magistrate Judge notes that the absence of counsel for Plaintiffs has greatly interfered with the orderly progression of this case, there has been no determination that Plaintiffs are unable to afford legal counsel. Therefore, the Court will not appoint Counsel pursuant to Local Rule 83.10. As stated above, the Court urges Plaintiff to independently obtain Counsel to represent him in this matter.

This case is hereby referred to Magistrate Judge Baughman for continued pretrial supervision. All pretrial matters are to be concluded no later than December 1, 2007.

IT IS SO ORDERED.

                               s/ Donald C. Nugent
                               DONALD C. NUGENT
                               United States District Judge

DATED: July 3, 2007