IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRADY C. HART, JR., et al., | ) | CASE NO.  1:06 CV 780 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | Magistrate Judge William H. Baughman, Jr. |
| THE RIDGE TOOL COMPANY | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman (Docket #61) recommending that the Court grant the Motion for Summary Judgment (Docket #52) filed by Defendant, The Ridge Tool Company ("Ridge Tool").

As discussed in detail in the Magistrate Judge's Report and Recommendation, Mr. Hart claims that he was wrongfully terminated because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*; and, in retaliation for making a complaint of age discrimination, in violation of 29 U.S.C. § 623(d).

Ridge Tool seeks summary judgment as to all of Mr. Hart's claims.[1] Relative to the disability and age discrimination claims, Ridge Tool asserts that Mr. Hart represented to the Social Security Administration, and the Administration found, that prior to his termination Mr. Hart was disabled and unable to work. Therefore, because he could not work, he was not a qualified individual for purposes of the ADA or the ADEA. Relative to his retaliatory discharge claim, Ridge Tool argues that Mr. Hart has failed to establish a causal link between his discrimination complaint and his discharge.

Mr. Hart filed a Memorandum in Opposition to Ridge Tool's Motion for Summary Judgement  (Docket #54) and Ridge Tool filed a Reply Brief (Docket #55).

The Magistrate Judge set forth the facts of this case as follows:

> Ridge manufactures equipment and tools for the plumbing industry and employs a sales force to sell these tools nationally and internationally to wholesale distributors.  In 1984, Ridge hired Hart to work as a district sales manager, for which he received both salary and commission as compensation. Initially, Hart had a sales territory in Alabama, but that territory changed over time.
>
> Hart's position as a district sales manager required him to put together business plans for his customers, to travel to the customers' sites to demonstrate Ridge's tools, and to physically train the customers in the use of the tools purchased.  Most of the time, Hart drove a company- owned vehicle to make sales calls.  Hart was required to physically load and unload the tools he used during sales calls, some of which weighed between 300 and 500 pounds each.
>
> In 1999, Hart sustained a neck injury at work. In 2002, Hart's doctor placed hin on a permanent lifting restriction of 30 pounds.  In 2002, Hart began experiencing blackouts that prevented him from driving.
>
> In February of 2003, Hart applied for and was granted a medical leave of

---

[1] Although both Grady Hart and his wife, Patricia, are named Plaintiffs in this case, the Court will refer to "Mr. Hart" throughout this Opinion, rather than "Plaintiffs."  The findings of this Court are intended to be dispositive as to all claims and parties.

absence. Ridge's medical leave of absence policy provided for continuation of employment for up to 12 months if long-term disability has not been approved and up to 15 months if long-term disability is approved.

In August of 2004, Ridge learned that the third-party insurance carrier had denied Hart's claim for long-term disability benefits. At that time, Hart had been on medical leave for more than 18 months, beyond Ridge's one-year leave limit under its policy, and Ridge had paid Hart full salary for the entire leave period, even though the policy provided only for 13 weeks of full salary continuation. Hart had not given Ridge medical documentation releasing him to work. Accordingly, by letter dated September 7, 2004, Ridge notified Hart of the termination of his employment effective September 10, 2004. Patrick Comeau, Ridge's Vice President of Human Resources, and Clifford Wells, Ridge's Director of Sales North America, made the decision to terminate Hart's employment.

Hart applied for Social Security disability benefits in October of 2004. The Social Security Administration found Hart disabled as of February 28, 2003. In the course of applying for those benefits, Hart represented to the agency that he was totally disabled.

The retaliation claim centers on a letter sent in February of 2001 by Hart to Fred Pond, then President of Ridge, complaining about an ageist remark made by a Mike Slemko. This letter followed a sales meeting in Puerto Vallarta, Mexico, where Slemko made the comment "I will not hire any older people to work under me. I will be looking for younger guys." Slemko became Southeast Regional Sales Manager and Hart's supervisor in April of 2001. Slemko also made a remark about a need to hire young, aggressive salesmen at a meeting with a potential customer in 2002. As stated above, Ridge terminated Hart effective September 10, 2004. Patrick Comeau and Clifford Wells made the termination decision. There is no evidence that Slemko participated in this decision.

Magistrate Judge Baughman's Report and Recommendation (Docket #61) at pp. 6-9 (citations omitted, refer to Report and Recommendation).

On December 4, 2007, Magistrate Judge Baughman issued his Report and Recommendation. Magistrate Judge Baughman recommends that the Motion for Summary Judgement filed by Ridge Tool be granted as to all of Plaintiff's claims. With regard to Mr. Hart's disability and age discrimination claims, the Magistrate Judge determined that even

though Mr. Hart's disability and age discrimination claims were not precluded by the Social Security Administration's finding of disability, Mr. Hart did not provide sufficient proof that he could have done his work as a District Sales Manager for Ridge Tool even with an accommodation. Rather, the evidence in the record shows that at a time predating his termination, Mr. Hart was totally disabled and not capable of performing work, with or without any accommodations. Therefore, under both the ADA and the ADEA, Mr. Hart was not qualified for the position at the time of termination.

Furthermore, relative to Mr. Hart's age discrimination claims, the Magistrate Judge found no direct evidence in the record to support Mr. Hart's assertion that he was terminated because of age. As reasoned by the Magistrate Judge, the comments made by Mr. Slemko that he wanted to hire, or that the company should hire young aggressive sales persons, and presented by Mr. Hart as the only evidence of age discrimination, were not directed at Mr. Hart and made no reference replacing existing sales persons with younger individuals. Further, there is no evidence in the record that Mr. Slemko was involved in the decision to terminate Mr. Hart's employment. Applying the standards identified by the Sixth Circuit in *Peters v. Lincoln Electric Company*, 285 F.3d 456, 477-78 (6th Cir. 2002), the Magistrate Judge found that the statements made by Mr. Slemko, taken in the light most favorable to Mr. Hart, do not create a genuine issue of material fact as to direct evidence of a discriminatory termination. Specifically, the Magistrate Judge stated "the statements were not made by a person who made the decision to terminate Hart, did not relate to the decision-making process, were vague and isolated, and were not made proximate in time with the termination." See Report and Recommendation at p. 18.

Finally, the Magistrate Judge found that the lack of temporal proximity between Mr. Hart's complaint to Ridge Tool's President in 2001 and his termination in 2004 (over three years) defeats Mr. Hart's retaliation claim. The Magistrate Judge went on to note that even if there were a sufficient temporal proximity, the record demonstrates that Mr. Hart's employment was terminated because he was unable to perform his job, and he exhausted the medical leave afforded him by Ridge Tool. There is no other evidence of a causal connection between his complaint in 2001 and his termination in 2004.

Mr. Hart submitted objections to the Magistrate Judge's Report and Recommendation.[2] Mr. Hart urges the Court to decline to adopt the Magistrate Judge's Report and Recommendation. As a preliminary matter, Mr. Hart argues (1) that he was wrongfully denied the right to file an answer to Ridge Tool's Reply Brief; and, (2) that the Magistrate judge did not apply the proper standard when analyzing the arguments raised in Ridge Tool's Motion for Summary Judgment. Mr. Hart goes on to list several items which he asserts create questions of fact, including the assertions that (1) he never testified that he had problems devising business plans in 2001 or 2002; (2) he was not experiencing blackouts that made it unsafe for him to drive in February 2002; (3) that Mr. Slemko "silently made decisions" about his performance while he was on medical leave so he must have been a decision-maker with regard to Mr. Hart's

---

[2]

On December 11, 2007, the Court advised Plaintiffs that any objection to the Report and Recommendation was due by December 21, 2007. Plaintiffs Objections to the Magistrate Judge's Report and Recommendation were dated December 18, 2007 and were forwarded to Chambers and Counsel for Defendants. The Court forwarded a copy to the Clerk's Office for filing, and the Objections were docketed on January 8, 2008. Notwithstanding the fact that the Objections were not filed by December 21, 2007, the Court has fully reviewed and considered the Objections filed by Plaintiffs and Defendant's response thereto.

termination; and, (4) that Ridge Tool retaliated again him in various ways including changes to his territory and salary structure, forcing him to go on medical leave, forcing him to attend meetings while he was on medical leave, and failing to accommodate his lifting restrictions.

On January 7, 2008, Ridge Tool filed its Response to Mr. Hart's Objection to the Magistrate's Report and Recommendation.  First, Ridge Tool notes that per Local Rule 7.1, Plaintiff was not entitled to file a response to Ridge Tool's Reply Brief without leave of Court, yet the Magistrate Judge reviewed the Reply and found that it did not contain any meritorious legal arguments or authorities.  Further, Ridge Tool notes that the Magistrate Judge used the appropriate legal standard for reviewing a Summary Judgment motion filed pursuant to Civil Rule 56, as this was not a Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).

Ridge Tool's Response goes on to address the factual issues raised by Mr. Hart.  Ridge Tool asserts that although Mr. Hart's employment was not terminated until September 10, 2004, the Social Security Administration determined that prior to the time he was terminated "he was totally disabled and was not capable of performing work, with or without any accommodations." Ridge Tool cites Mr. Hart's deposition testimony, during which he discussed his job requirements as including loading and unloading the company's tools into his Company-owned vehicle; driving to visit customers; and, physically demonstrating the tools to the customer. Ridge Tool argues that regardless of when Mr. Hart's blackouts or memory problems began, Mr. Hart's inability to drive himself, and his inability to transport and demonstrate Company tools in light of the permanent lifting restrictions placed upon him, rendered him unable to perform the essential functions of his job.

Ridge Tool states that even if Mr. Hart could show that his blackouts did not begin until

January 2003 as he now asserts, he was unable to perform at least one of the essential functions of his job, driving, at all times relevant to the claims raised in the Complaint.  Therefore, Ridge Tools states that Mr. Hart was not a qualified individual with a disability at the time of his termination, thereby defeating both is disability and age discrimination claims.

In addition to the above, Ridge Tool expresses agreement with the Magistrate Judge's conclusion that aside from the failure to establish a prima facie case of age discrimination, Mr. Hart's reliance on isolated statements by Mr. Slemko three years prior to his termination is insufficient to otherwise sustain his age discrimination claim.  Further, Mr. Hart's complaints regarding Mr. Slemko's statements three years prior to his termination, standing alone, do not support a retaliation claim.  Ridge Tool argues that the additional allegations of retaliation raised by Mr. Hart in his Objections to the Report and Recommendation are unsubstantiated and that Mr. Hart has failed to demonstrate a causal connection between the termination of his employment and his complaint to the Company in 2001.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation of Magistrate Judge Baughman

*de novo*. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). The Court has also considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation of the record, the Report and Recommendation, and the objections filed by Mr. Hart and Ridge Tool's response thereto, this Court finds the Report and Recommendation issued by Magistrate Judge Baughman to be correct.

## Discussion

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**A.   Mr. Hart's ADA Claim.**

-10-

In order to establish disability discrimination under the ADA, a plaintiff must show the following five elements:

> (1) he or she is disabled, (2) is otherwise qualified for the job, with or without reasonable accommodation, (3) suffered an adverse employment decision, (4) the employer knew or had reason to know of his or her disability, and (5) after rejection or termination the position remained open, or the disabled individual was replaced.

*Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996) (interior quotes and citations omitted). If the plaintiff presents evidence of a prima facie case, then the defendant may produce evidence of a legitimate, non-discriminatory reason for its actions. The plaintiff must then introduce evidence to show that the defendant's reason was a mere pretext for illegal discrimination. *See Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 882 (6th Cir. 1996). At all times, the plaintiff bears the ultimate burden of persuasion. *See Monette*, 90 F.3d at 1186.

Assuming the facts in the light most favorable to him, Mr. Hart has failed to satisfy this burden. Mr. Hart has not set forth evidence sufficient to prove that he was qualified to perform the essential functions of his job when he was terminated. The undisputed evidence, taking into consideration the objections raised by Mr. Hart, shows that Mr. Hart was unable to drive to make calls to customers due to his blackouts and was incapable of lifting and demonstrating Ridge Tools' products, essential functions of his position. Mr. Hart has not provided any evidence to support his assertion that his 30-pound lifting limitation could have been accommodated through the use of lifting devices.

The Magistrate Judge determined that the evidence of record supports the finding that Mr. Hart was totally disabled, and not capable of performing work, with or without any accommodations. In light of these factors, the Magistrate Judge correctly concluded that Mr.

Hart was not qualified to perform the essential functions of his District Sales Manager position. Accordingly, because he has failed to set forth a prima facie case of disability discrimination, Ridge Tool is entitled to summary judgment on Mr. Hart's ADA claim as a matter of law.

**B.     Age Discrimination**

To establish a prima facie case of wrongful discharge based on age, the plaintiff must show that:  (1) he was at least 40 years old at the time of his discharge; (2) he was subjected to an adverse employment action; (3) he was qualified for the position involved; and (4) he was ultimately replaced by a younger individual. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1329 (6th Cir. 1994) (referencing the four-part test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)).  If such a showing is made, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory explanation for the discharge. Once that explanation is advanced, the burden of production returns to the plaintiff to show that the reason offered by the employer was merely a pretext for discrimination.  *Id.*  At all times, however, the ultimate burden of persuasion remains upon the plaintiff.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

Alternatively, an employee may show age discrimination by direct evidence of discriminatory statements.  In evaluating direct evidence claims, the Court must consider: (1) whether a decision-maker or an agent within the scope of his employment made the statement; (2) whether the statements related to the decision-making process; (3) whether the statements were more than merely vague, ambitious or isolated remarks; and, (4) whether they were made proximate in time to the act of termination.  *Cooley*, 25 F.3d 1325, 1330.

As noted by the Magistrate Judge, regardless of whether a plaintiff proceeds on a theory of direct or indirect evidence, he still must prove that a causal link exists between the purported age discrimination and the discharge.

As discussed in the Magistrate Judge's Report and Recommendation and as referenced above, Mr. Hart has not presented evidence to this Court that he was qualified for the position when he was terminated. Therefore, Mr. Hart has failed to satisfy the prima facie case for age discrimination under the indirect evidence test. Further, had Mr. Hart set forth a prima facie case, he has not presented any evidence that the reasons for his termination offered by Ridge Tool were a pretext for any type of discrimination. Due to his medical condition, Mr. Hart was unable to perform essential job functions. His employment was terminated upon exhaustion of the medical leave extended to him by Ridge Tool.

Analyzing the claim under the direct evidence standard, even if Mr. Slemko was the decision maker relative to Mr. Hart's employment, which is asserted by Mr. Hart but remains unsubstantiated, there is no evidence that the statements made by Mr. Slemko three years prior were related to the termination of Mr. Hart's employment in 2004, or that the remarks were more than vague, isolated remarks. The statements made by Mr. Slemko were not directed at Mr. Hart, did not reference replacing existing employees with younger individuals, and, there is no evidence that the termination was the result of a discriminatory motive. The evidence of record documents Mr. Hart's medical condition at the time of his termination and his inability to perform his job at that time. Therefore, the Court finds that Mr. Hart has not established the causal link necessary to sustain his claim.

Based on the foregoing, the Magistrate Judge correctly found that Mr. Hart has failed to

establish a claim for age discrimination.  Accordingly, Ridge Tool is entitled to summary judgment as a matter of law relative to Mr. Hart's ADEA claim.

**C.     Retaliation.**

As set forth above, a plaintiff must initially establish a prima facie case of retaliation by proving: (1) he engaged in protected activity; (2) the defendant knew he engaged in the protected activity; (3) thereafter, the Defendant took an employment action adverse to Plaintiff; and, (4) there was a causal connection between the protected activity and the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).  Absent direct evidence, "evidence . . . that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

As discussed by the Magistrate Judge, Mr. Hart did not present evidence sufficient to establish a causal connection between his complaint to Ridge Tool in 2001 and the termination of his employment in 2004.  There is no direct evidence that Mr. Hart's employment was terminated in retaliation for lodging a complaint with Ridge Tool alleging age discrimination.  Further, the evidence is insufficient to support an inference of retaliation.  Over three years elapsed between the protected activity and his discharge and there is no evidence linking the termination of Mr. Hart's employment to his earlier complaint.  Accordingly, Mr. Hart has failed to substantiate his claim for retaliation and Ridge Tool is entitled to summary judgment as a matter of law.

**Conclusion**

Based on the foregoing, the Court finds that Mr. Hart has failed to present evidence to this Court sufficient to sustain his claims against Ridge Tool.  The Court hereby ADOPTS the recommendation of the Magistrate Judge that summary judgment be granted in favor of Ridge Tool as to all of Mr. Hart's claims.  Accordingly, the Motion for Summary Judgment filed by

-14-

Ridge Tool (Docket #52) is hereby GRANTED as to all claims.  This case is terminated.

    IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

    DATED: February 4, 2008